Taylor, Cnief-Justice.
 

 The decision of this case depends on the question, whether the act of
 
 Í7&7
 
 is now
 
 *507
 
 in forre. The art is entitled “for hiring out persons coni irfed on indictment or presentment, not being able. or willing to pay the fees of office, and Jailor’s fees.”— The mischief the act professes to remedy, is that arising from persons, who are convicted on indictment, taking the benefit of the insolvent act, either neglecting or re-
 
 i'urjng
 
 to pay fees of office, and Sheriff’s, and Jailor’s fees. It enacts, that all persons convicted on presentment or indictment, who shall he unwilling or unable to pay the office or Jailor’s fees, that may be consequent thereon, shall he hired out by the Sheriff of the county, where such person is or may he convicted, for such time as any person will take him or them to serve for the said fees or charges. After this no person conk! he discharged under the insolvent law, where lie stood committed for office fees ; and so it remained until 1797, when an act w-.s passed for the purpose, of prescribing a mode of authenticating claims against the State, and their mode of payment, so far as respects Jailors, Sheriffs, Coroners, Clerks of the Superior Courts, and witnesses for and in behalf of the State. After establishing detailed regulations, relative to authenticating the- claims of ail these officers, the fourth clause is thus expressed: that no claim authorized by this act, shall he allowed, until a
 
 fieri Ja-das
 
 shall have first issued to the county or counties, in which the criminal may he. supposed to have owned property, and the Sheriff’s return that no property is <« be, found ; and if the criminal is at large,
 
 without taking the oath of insolvency,
 
 it should be the duty of the Cleik to issue his writ of
 
 capias ad satisfaciendum,
 
 and the duty of the Sheriff to arrest the body of the said criminal, if to he found, and him confine until he either ¡says off the costs of prosecution,
 
 or discharges himself hj taking the oath of insolvency.
 
 This clause contains an unequivocal recognition of the legality of discharging a prisoner, on his taking the oath of insolvency ; and the unusual phraseology of the repealing clause seems to point at the act
 
 *508
 
 of 181". The common language of a repealing clause is. “(hat all acts and pads of acts, that Come within the _ _ ' put-view and meaning of this act, shall be. and (hey ace hereby repealed and made void whereas the expressions of the xpealin^ clause annexed to (his are, “all acts,
 
 usages and customs,
 
 coining within (lie purview and mi anii ,g of this ad, are hereby rcueah-d, and made
 
 utterly mill and void.” (Martin's
 
 Revisal).
 
 But
 
 independently of this, an act whirl» entitles a prisoner to his disi harge, upon taking the insolvent oath, is inconsistent with an act, which requires him to he hired out,and consequently operates as a repeal of it ; for where two acts are affii rnative, though there be m> negative words, yet the latter, being contrary to the former, amounts to a repeal of the former. I am consequently of opinion, that the. Defendant is entitled to take the oath of insolvency f>.c the office fees, (die regulations of the art of 1797 be*, ing observed,) and that the judgment be reversed.
 

 Per Curiam.— Judgment, reversed.